Our final case this morning is No. 23-1787, Vivint, Inc. v. ADT, LLC Okay, Mr. Sears? Yes. Good morning, Your Honor. May it please the Court? The Board found Vivint's 739 patent invalid over the O reference. That finding depends on the Board's construction of the location determining limitations of the patent claim. And specifically, on the Board's determination that those limitations do not require using a location service to determine location. Because the Board erred in its construction, this Court should vacate and remand so that the Board can re-evaluate validity under a correct claim construction. What is your best intrinsic support for saying the use of a location service would not be optional? So we can start with Column 9, lines 26 through 27. In order to put this in context, it's Appendix Page 150. One passage, and I apologize for bumping us around, actually let's start on Appendix Page 150. And we see in Column 2, lines 53 through 56, and this is important for evaluating the rest of the evidence that Judge Kinehan is asking about. So Column 2, lines 53 through 56, the patent teaches us that embodiments may be implemented as a computer process, a computing system, or as an article of manufacture such as computer readable media. So now let's go back to Appendix Page 154, Column 9, lines 26 through 27. And here, speaking to the process embodiment, what the specification says, it says that at Operation 904, and Operation 904 is determining the current location of a resident. At Operation 904, the doorbell application determines a current location of the resident using a location service. In connection with the process embodiment, that's categorical. There's no optionality language there. But is this just describing Figure 9 further? Is that what's being described right here in Column 9? Yes, yes. And then we do have, the board, of course, latched on to the fact that the term optional appears. But I submit that if we pay attention to how the word optional is used, it actually reinforces Viven's position rather than ADT's position. So for example, if we look at Column 7, so on page, Appendix Page 153, if we look at Column 7, lines 20 through 22, what the specification tells us is that the doorbell presence application 532 may optionally determine a location of the resident using location service. Notice the placement of the word optionally. This does not say that the doorbell presence application may determine a location of the resident optionally using location service. It says that the doorbell presence application may optionally determine a location. But once the election is made to do that step, to determine a location, the use of the location service is categorical. So is your argument fundamentally that despite the fact that the specification uses optionally in conjunction with location service repeatedly, it's because in this instance you showed us in Column 7, optionally is somewhat distant from the words location service. And that's why you think it's not optional? It does tell us how we read the language. I mean, do you agree with what I stated or do you disagree? I agree with it. I would spin it a little differently, but I agree with the language you're on. But there, I mean, that particular instance may be ambiguous, but you have, for example, in Column 5, repeated references to optional location service, optional location service. Yes. Optional location service. I mean, that, how does that not suggest that the location service is not optional? And this is why I started off with the passage that talks about the different embodiments that we have. We have a process embodiment. We have a system embodiment. We have a computer readable media embodiment. The statements that you're referring to, Your Honor, are in connection with the architecture embodiment. And the reason that matters is the other passage that I pointed is to where we were focusing on the placement of the word optionally. If I'm reading that passage correctly and it's saying you can optionally determine whether or not to determine location, it then makes sense that in the architecture of the system embodiment, again, you would expect the location service to be optional in the architectural description of the system embodiment if the step of determining location is itself optional. If you're not, if you're building a system that's not going to determine location, you're not going to have a location service. Okay. And it is actually striking precisely because we do have these several references to the location service as optional. One thing that we don't see in this patent, of course, is we do not see a deep-ending claim that recites use of a location service. If the specification is going to go to the trouble of calling out a half dozen times, oh, you might want to do this with the location service, why then would you not see a deep-ending claim that says, oh, and let's add in the location service here? We submit that the most reasonable reading of the document as a whole is that there are no deep-ending claims that recite the use of a location service because that's already implicit in determining location. The passage that we looked at in connection with the process embodiment says if you're going to determine location, you're going to use a location service. The passage that we looked at in connection with Figure 5 says the same thing, that optionally you can determine a location, but if you're going to do that, you're going to do it with a location service. Just adding to any intrinsic evidence, and this is an argument from absence, the fact that there are no deep-ending claims calling out the location service reinforces that that method is already implicit in the term determining location. There's no deep-ending claim to recite using a location service because once you have determined a location, the location service is already built in by virtue of that. I think we've talked about most of the passages that deal with the location service being optional. What about column 7 lines 52 through, it looks like maybe it's 53, I guess? So rather than using the word optional, there's the use of the word may, which seems like akin to using the word optional in terms of use of a location service. Sorry, let me get my glasses around. My question to you is how do you respond and deal with that language? Again, notice the placement of the word may. The word may precedes determining a location of the resident. It does not precede using a location service. It does precede using a location service, you just want it to directly precede using a location service. Correct, and I submit that this is a rule of English grammatical construction. We often associate words with the most proximate. So you're interpreting may determine a location of the resident using a location service as requiring determination of location of the resident using a location service? So I would bracket the entirety of line 53, and I would read that as may determine a location of the resident using a location service. That's what may or may not be done. I mean, that's what the words say. Yes, and so the point is that's what the optionality attaches to is that compound. The optionality does not attach to using a location service. The optionality attaches to that compound, which is determining a user's location using a location service. That's what may attaches to. Are there other passages of interest in that score? Why don't you just go ahead. So that's one pillar of the board's decision, was the use of the word optional. As Judge Cunningham pointed out, there's also that passage that uses the word may. The other pillar of the board's decision is what it refers to as ordinary meaning, and it's analysis that what Vivint is trying to do is modify that ordinary meaning. Now, I submit that instead of relying on ordinary meaning as determined under a Phillips standard, what the board really started with is a broad construction. Its approach was we're going to start broad, and this can prove that we need to narrow it. And that, of course, would be more of a Texas Digital or Broadest Reasonable Interpretation analysis, essentially a throwback to those older superseded standards. Texas Digital, BRI, those are the standards that favor starting with a broad interpretation over narrower interpretation. But unlike Texas Digital and unlike BRI, the now-governing Phillips standard does not privilege a broader interpretation over a narrower interpretation, as we submit the board has done here. Under Phillips, we do not start with a broad interpretation and see if we can somehow narrow it. Instead, we start with the specification, because ordinary meaning does not exist. I think we start with the claim language, don't we, read in light of the specification? Exactly, Your Honor. But what we don't do is start with the claim language in a vacuum. We always, when we encounter the claim language, and we say, oh, there's this claim language, what does the specification tell us about this claim language? But there's nothing in the specification here that supports the notion that the location service is mandatory. Sorry? There's nothing in the specification that suggests or states that the use of a location service is mandatory. In terms of that forceful, no, there's not. I do submit that the observations made about the document as a whole do support reading the document so as to assume that— I mean, if you want to make the phrase determining a current location of the watcher equivalent to location services, you have to either put it in the claim, determining a current location of the watcher using location services, or you have to do some lexicography in the specification to say that this patent determines, the only way it determines the current location is location service. It doesn't say that. You're asking us to infer that it means that. Yes, we are asking the court to interpret the term that way. I would note that the board already did— You can determine current locations without location services, right? In the abstract, yes, but if we take a look at what the board has done here, I submit that the board's approach is not only a throwback, it's also a bit selective. On page 16 of the board's decision, the board said that the plain and ordinary meaning of determining a current location of the user includes determining a physical location of a computing device associated with the user. The specification never says we're going to look at a computing device associated with the user. That was undisputed, wasn't it? Sorry? That was undisputed. It was undisputed, but where does it come from? Isn't that one way of determining the current location of the watcher? By determining where the device they're watching on is physically located? That's pretty much plain and ordinary meaning. But is it? So there's my location, there's the location of my phone. Are they often in the same place? Sadly, yes, they are. But they mean different things. And so if there's enough room under Phillips for ordinary meaning to include, well, we're going to find Mr. Sears' location by looking for Mr. Sears' phone, even though the specification never says that, then we submit that there's also room in the specification for concluding that determining a user's location requires the use of a location service. Final point in that regard. It may be that we are on the knife edge of the line between importing a limitation and construing language in light of the specification. But if we are on the knife edge, Vivint wins because it's ADT's burden to prove invalidity. It's not our burden to prove validity. Thank you, Your Honors. Okay. We'll give you two minutes for rebuttal. Ms. Goswami? Thank you, Your Honors, and may it please the Court. So we're not on the knife's edge here. We are so far within Vivint is trying to import limitations that are optional in the specification into the claims. There's absolutely no reason to do that here. Every single example that we look at in the claims, there's some where optional may be before determining a current location and maybe before using a location service, but it's optional. And if you look at the other parts of the specification, for example, the first paragraph of the specification or the last paragraph right before the claims start, it says all of these embodiments are just exemplary. They're just optional. And that's clear law under this Court's case law where you can't take what's optional and import it into the claim reading. How do you respond to opposing counsels pointing us to Column 9 and the descriptions relating to Figure 9? This seemed to be what they thought was their best intrinsic evidence to support their interpretation. So with respect to Column 9, if you take a look at, this is on Appendix 154, I believe it's line, I think it's 16 or 17. It says, Figure 9 illustrates a logic flow diagram for a process of providing doorbell present service according to one embodiment. So this is just one embodiment. So even if you read Figure 9 and the portion that Bivens counsel read to say that it's mandatory for that one embodiment, it's Black Little Law of this Court and you can look at many cases, but one example would be the Thorner case where it's not enough that the only embodiment or all of the embodiments contain a particular limitation. There has to be clear and unmistakable disclaimer. And as I believe Judge Hughes pointed out, there's neither clear lexicography here. There's definitely not clear disclaimer. In fact, you have the opposite of clear disclaimer where every single time it comes up, it says it's optional. What about your response to opposing counsel's interpretation of a couple things that I walked through with them? I think it was in Column 7, both the sections beginning around Line 20 and the section beginning around Line 52. So this is optionally a little bit more distant from location service and then also the use of the term may. So if you take a look at the examples on Column 7, and I think it refers to a few different figures. So I'll start with the ones talking about Figure 5. So Figure 5, if you just take a look at Figure 5 itself, which is on Appendix 145, you can see it has location service in the figure. It has a dotted line from doorbell presence application to location service that again shows that it is optional. It's a dotted line. So even if it says may optionally determine a location of the resident using location service, you can see just from the figure itself that the use of the location service is what's optional here. And Figure 6 is again referring to the example doorbell presence service of Figure 2. And Figure 6 doesn't have that schematic, but if you turn to Figure 2, which is on Appendix 142, you see the same thing. Doorbell application, it has a dotted line to location service. And you see this in every single example in your claims. In fact, the only example where you don't see it, which is the one where Vivian seems to really rely on, Figure 9, the figure itself actually doesn't refer to the location service at all. But anyway, that's Figure 9 is only referring to one embodiment. And it's clear that even if it were in all of the embodiments, you still don't rise to the level of clear lexicography or disclaimer here. And I just want to address one other point that Vivian made in their argument. So it really, I think, is an example of making lemonade out of lemons. You look at the claims, and it doesn't ever mention location service. So they were able to include location service explicitly in the claims if they wanted. They could have said determining a location using a location service. They never did that. And because they didn't do that, you go to the plain ordinary meaning of determining a current location. And you can't take the absence of including a limitation as a reason why it now has to be read in to all of the claims, especially where the specification says that it's optional. He, your opposing counsel in Column 5, suggested that these three references to optional location service somehow aren't significant. I didn't quite understand what he was saying about that. Can you help me? I confess, Your Honor, I also don't understand why they wouldn't be significant. There are other examples of embodiments in the claims. And in each of those instances, it talks about optional location service. And just another example where it doesn't actually mention location service at all, you know, if you take a look at Figure 4, it talks about the doorbell application determines a location of the user. And in that instance, it doesn't even mention location service. So as, you know, while there may be some variation, as Judge Cunningham has pointed out, about the placement of the word optional, the placement of the word may, you know, the prevailing impression that a person of ordinary skill in the art would have from reading the specification and reading the claims together with that, which is what you're supposed to do, is that using a location service is optional. It's one of the ways in which you can determine a current location. Okay. If there are no other questions, I will. All right. Thank you. Mr. Sears, you have two minutes. Thank you, Your Honor. So first let me be sure we're clear on what we are and are not arguing. To Judge Sears' question, we are not arguing disclaimer or lexicography. Our position stands or falls on how you interpret the phrase, determine a location of a user. So, yes, we have not pointed to evidence that would meet the standard of a disclaimer or explicit lexicography because that's not what we're arguing. What we are arguing is, you know, for example, there's the DuPont v. Phillips case 849 of 2nd 1430-1433 that we cited in our brief that recognizes there is a difference between importing a limitation and constraining a claim language. And the way you tell which side of the line you're on is whether what you're doing is wholly apart from any need to interpret the claim language. And what we're presenting is an interpretation of the claim language. We're not arguing for disclaimer or lexicography. And I think where we are is we are in the territory of the Wisconsin case that the board tried to distinguish where if the specification consistently refers to structure in a certain way, you go about that as a construction. And I apologize, I don't have that citation handy. I wanted to touch on what Counsel said about Figure 4 and in connection with the specification passage at the bottom of Column 6 that refers back to that. Figure 4 itself builds on Figure 2. Figure 2 does talk about the location service. Last, Judge Dike, I'm going to run out of time. May I have a few seconds to respond to your question about Column 5? Go ahead. Thank you. So the point that I was trying to make in connection with those passages is that they are consistent with what I was describing in terms of because determining a location at all is optional, a system embodiment. In a system embodiment, the presence or absence of a location service is going to be optional because a particular system might not be performing the determining location. Thank you.  Thank you, Counsel. The case is submitted. That concludes our session this morning.